IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RODOLFO LEOS-MALDONADO,                                    C.V. 07-151-HU

       Petitioner,                              FINDINGS AND RECOMMENDATION

   v.

MARK NOOTH,

       Respondent.


   KRISTINA S. HELLMAN
   Office of the Federal Public Defender
   101 SW Main Street, Suite 1700
   Portland, OR  97204

       Attorney for Petitioner

   HARDY MYERS
   Attorney General
   JACQUELINE SADKER
   Assistant Attorney General
   Oregon Department of Justice
   1162 Court Street, NE
   Salem, OR  97301

       Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions and sentencing upon pleading guilty to Kidnapping and Aggravated Murder with a Firearm. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied and this proceeding dismissed.

## BACKGROUND[1]

At approximately 6 a.m. on October 30, 1998, Petitioner surprised his estranged wife as she arrived at work, forced her into his vehicle at gun-point, and drove around and assaulted her before letting her out of the car. He threatened harm if she contacted police, but she reported the incident anyway and an officer made a report. The following day, Petitioner surprised his wife as she returned home at approximately 6 p.m. and fired five shots at close range. Three shots hit his wife in the head, killing her. Bystanders witnessed Petitioner shooting his wife, and a nearby police officer witnessed Petitioner running from the scene and apprehended him. Petitioner admitted to firing five

---

[1]Details of the incidents leading to Petitioner's convictions were taken from Respondent's Response (#30), and the Post-sentencing Investigation (Respt.'s Ex. 115).

shots. Petitioner was indicted on two counts of Kidnapping in the First Degree for the first incident. He was indicted on one count of Kidnapping in the First Degree and one count of Aggravated Murder with a Firearm for the second incident.

Petitioner entered into a stipulated plea agreement whereby he pled guilty to one count of Kidnapping in the First Degree for the first incident and to one count of Aggravated Murder with a Firearm for the second incident. The plea agreement specified Petitioner would be sentenced to life with a minimum of 47 1/2 to 50 years imprisonment before being eligible for parole. (Respt.'s Ex. 104, 7.) At a plea hearing in Washington County Circuit Court on April 11, 2000, the court accepted Petitioner's guilty pleas after questioning Petitioner about his understanding of plea the agreement. (Respt.'s Ex. 106.) At the request of the defense, the court agreed to delay sentencing approximately one month. (*Id.* at 12.) In closing, and for the record, defense counsel stated: "[e]arlier in the course of the proceedings, obviously we raised the affirmative defense, and especially very early on in my representation, I had concerns about Mr. Leos' ability to aid and assist. I do not have any such concerns now and I do state for the record, and I'm sure [co-counsel] joins with me, that we have spent many, many hours over the past – notably the last several weeks. He is cogent, alert; that is,

3 - FINDINGS AND RECOMMENDATION

Mr. Leos responds, raises issues on his own. So we have absolutely no concern in that regard." (*Id*. at 13.) The court noted counsels' professional reputation and expressed confidence that had there been a question about Petitioner's ability to proceed it would have been brought to the court's attention, and stated that the court was convinced Petitioner "understands precisely what's happening." (*Id*. at 13-14.)

At the sentencing hearing on May 11, 2000, defense counsel sought to have sentencing postponed and Petitioner re-evalutated regarding his ability to aid his attorneys. (Respt. Ex. 107, 5-6.) Counsel told the court Petitioner was asking to withdraw his guilty pleas, and counsel expressed concerned that Petitioner was not processing the information counsel had given him in the weeks following the plea hearing. (Respt.'s Ex. 107, 6-10.) Petitioner, himself, asked the court for permission to withdraw his pleas, claiming he was only given three days to decide on the pleas and felt coerced to enter the pleas when counsel showed him pictures of the victim that would be used as evidence at trial. He also submitted a letter to the court dated April 25, 2000, requesting to withdraw his pleas. (Respt.'s Ex. 107, 11-13.) The court denied counsel's request for postponement and Petitioner's request to withdraw his pleas, and in accordance with the plea agreement sentenced Petitioner to Life with the

4 - FINDINGS AND RECOMMENDATION

possibility of parole after 50 years imprisonment for Aggravated Murder. (*Id*. at 17.) The court also imposed a concurrent 90 months under Measure 11, for Kidnapping. (*Id*.)

Petitioner directly appealed his conviction, filing a *Balfour* brief with no assignments of error.[2] (Respt.'s Ex. 108.) The Oregon Court of Appeals affirmed without opinion, *State v. Leos-Maldonado*, 173 Or. App. 297, 21 P.3d 665 (2001), and Petitioner did not seek review by the Oregon Supreme Court.

Petitioner filed for post-conviction relief ("PCR") raising claims of ineffective assistance of trial counsel, (Respt.'s Exs. 110, 111), but the PCR court denied relief. (Respt.'s Exs. 126, 127.) Petitioner appealed, filing a *Balfour* brief and a *pro se* supplemental brief articulating claims that were not raised in the PCR trial. (Respt.'s Exs. 122, 123.) The State filed a Motion for Summary Affirmance, and Petitioner filed a *pro se* Response arguing that his plea was coerced. The Oregon Court of

---

[2]Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

5 - FINDINGS AND RECOMMENDATION

Appeals granted Respondent's Motion for Summary Affirmance, and the Oregon Supreme Court denied review. (Respt.'s Exs. 126, 128.)

In the instant petition, Petitioner raises three grounds for relief which can be characterized as follows:

Ground One: In violation of the Eighth and Fourteenth Amendments to the United States Constitution, the sentence the state court imposed, Life with a minimum of 50 years, exceeded the maximum allowed by the law for Aggravated Murder with a Firearm.

Ground Two: In violation of his right to due process of law, the court accepted a plea and entered a judgment without properly determining whether the plea was voluntarily and intelligently made.

Ground Three: Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when counsel: a) failed to properly advise Petitioner with respect to the ramifications of pleading guilty; b) failed to advise Petitioner of his options without threat or duress; c) failed to advise Petitioner that a typical plea for Aggravated Murder was 25-30 years in prison; d) failed to make objections to preserve issues for later appeal, particularly with respect to sentencing; and e) failed to adequately investigate.

(Petition, #2, 4-6.) Petitioner's memorandum discusses only Grounds Three (a) and (b) and he submits the remaining claims on the record. (Petr.'s Mem., #27, 11.)

/ / /

/ / /

6 - FINDINGS AND RECOMMENDATION

DISCUSSION

I. Grounds for relief not discussed in memorandum

I have reviewed the record and find Petitioner is not entitled to relief on the grounds for relief not discussed in his memorandum. Ground One and Ground Two were not exhausted in state court, and Petitioner has not shown that the state court adjudication of Ground Three (c), (d) and (e) was contrary to or an unreasonable application of established federal law.

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when federal claims have been fairly presented to the state's highest court as a federal question. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). A federal claim is "fairly presented" to the state courts only if it was properly presented to (1) the state's Supreme Court, (2) as a federal question, (3) in the appropriate petition or brief, and (4) in the proper procedural context so that its merits would be considered. If a petitioner has not "fairly presented" his federal claims in state courts, and can no longer do so under

7 - FINDINGS AND RECOMMENDATION

state law, then the petitioner's state-court remedies are technically exhausted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996). When state-court remedies are "technically exhausted" they are also "procedurally defaulted" because the state courts must have an opportunity to act on his claims before he presents those claims in a federal habeas petition. *O'Sullivan,* 526 U.S. at 842.

Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice, unless the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750. Petitioner did not present Grounds One and Two to the Oregon courts and makes no attempt to excuse his procedural default. Accordingly, habeas relief is precluded.

With respect to Ground Three (c), (d), and (e), on habeas review Petitioner must show that the state court determination of his claims was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). Generally, *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Hill v. Lockhart*,

8 - FINDINGS AND RECOMMENDATION

474 U.S. 52 (1985), established that *Strickland*'s two-prong test for claims asserting ineffective assistance of counsel applies to contesting a guilty plea entered upon advice of counsel. In attacking the voluntary and intelligent character of his guilty plea by claiming he was coerced, Petitioner had the burden of showing that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases," *Id*. at 56 (citing *McMann v. Richardson*, 397 U.S. 759 (1970)), and that there was a "reasonable probability" that "but for" counsel's deficient representation he would not have pleaded guilty. *Id*. at 59. The PCR trial court denied Petitioner relief finding he was not denied the right to assistance of counsel. I have reviewed the record and Petitioner has failed to show that the state court determination of Ground Three (c), (d), and (e) was contrary to or an unreasonable application of clearly established federal law. It is hard to imagine a situation where showing the defendant the evidence he will face is ineffective assistance of counsel. On the contrary, not showing the defendant the evidence, either with or without a description of it, is far more likely to create a credible argument in favor of deficient representation. Accordingly, habeas relief must be denied.

/ / /

/ / /

9 - FINDINGS AND RECOMMENDATION

II. <u>Grounds Three (a) and (b)</u>

Petitioner raised Grounds Three (a), that counsel failed to properly advise Petitioner with respect to the ramifications of pleading guilty, and Three b), that counsel failed to advise Petitioner of his options without threat or duress, to the state PCR trial court, but was denied relief. In appealing the PCR court decision, Petitioner filed a *Balfour* brief supplemented with assignments of error. (Respt.'s Ex. 123.) However, the assignments of error Petitioner submitted did not present the claims raised to the PCR trial court and again raised here. The State filed a Motion for Summary Affirmance, arguing that "Petitioner's claims on appeal appear to be completely different than those he raised in the [PCR] proceeding[,]" and "he only makes arguments based on new claims that were never raised to the [PCR] court." (Respt.'s Ex. 124.) In his Response to the State's motion, Petitioner submitted a 10-page letter detailing the circumstances of his plea and arguing that he accepted his plea as a result of counsels' coercion. (Respt.'s Ex. 125.) However, as Respondent notes, Oregon law is clear that assignments of error must be articulated in an appellants opening brief for the courts to consider them, *see* Or. R. App. Proc. § 5.45(1), and the Oregon Court of Appeals granted the State's Motion for Summary Affirmance. Federal courts will not review a

10 - FINDINGS AND RECOMMENDATION

federal constitutional claim, rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, unless the prisoner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claim will result in a fundamental miscarriage of justice. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir.), *cert. denied*, 124 S.Ct. 105 (2003); *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). Petitioner failed to fairly present and exhaust Grounds Three (a) and (b) in state court. Because the time for presenting his claims is passed, Petitioner's claims are procedurally defaulted and he makes no attempt to excuse the default. Accordingly, habeas relief is precluded.

## CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus (#2) should be denied and this action dismissed with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due February 5, 2009. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

11 - FINDINGS AND RECOMMENDATION

If objections are filed, a response to the objections is due February 19, 2009, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this  21st  day of January, 2009.

/s/ Dennis J. Hubel

Dennis J. Hubel
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION